IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>      v.<br><br>DAMION DAVIS, JR.,<br><br>                Defendant. | 8:19CR209<br><br>**MEMORANDUM<br>AND ORDER** |

       This matter is before the Court on Defendant Damion Davis Jr.'s ("Davis") Motion to Reduce Sentence for Compassionate Release (Filing No. 42) and Motion for Status of Compassionate Release (Filing No. 50). Davis seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018 ("First Step Act"), Pub. L. No. 115-391, 132 Stat. 5194 (2018). For the reasons stated below, Davis's motion is denied.

       Davis pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). His total offense level was 19 and his criminal history category was III. Davis was sentenced on January 27, 2020, to a term of 37 months. He was also sentenced to a three-year term of supervised release following his incarceration. Davis now argues that compassionate release is appropriate because his medical condition makes him more vulnerable to the risks associated with COVID-19.

       As amended by the First Step Act, § 3582(c)(1)(A)(i) permits Davis to move for a sentence reduction after he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons [("BOP")] to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of [his] facility, whichever is earlier." Davis alleged that he made a request for compassionate release to the warden and submitted a copy of the warden's denial dated July 28, 2020. Davis has demonstrated that qualifies

1

for judicial review. Accordingly, the Court must determine whether Davis has demonstrated extraordinary and compelling reasons to release him under the circumstances of this case.

In deciding whether to grant a reduction, the Court must consider the relevant factors set out in 18 U.S.C. § 3553(a), including the nature and circumstances of the offenses of conviction; the defendant's history and characteristics; and the need for the sentence to reflect the seriousness of the crime, to promote respect for the law, and to provide just punishment for the offense. A defendant's sentence should also deter criminal conduct, protect the public from future crime by the defendant, and promote rehabilitation. *Id*.

The Court also considers whether the defendant presents "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)," U.S.S.G. § 1B1.13(2), and must ensure any relief is "consistent with applicable policy statements issued by the [United States] Sentencing Commission," 18 U.S.C. § 3582(c)(1)(A). The first application note to § 1B1.13 lists four general categories of qualifying circumstances: (1) the defendant's terminal illness or other serious medical condition; (2) the defendant's advanced age and deteriorating health; (3) dire family circumstances; and (4) other "extraordinary and compelling" reasons as determined by the BOP Director. U.S.S.G. § 1B1.13 cmt. n.1. The defendant's rehabilitation may be relevant but "is not, by itself, an extraordinary and compelling reason for purposes of [§ 1B1.13]." *Id.* § 1B1.13 cmt. n.3; *see also United States v. Saldana*, 807 F. App'x 816, 819 (10th Cir. 2020); 28 U.S.C. § 994(t) ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.").

Having carefully reviewed the record in this case with these factors in mind, the Court finds Davis has not presented extraordinary or compelling reasons for release. Davis argues he is more likely to experience harmful effects of COVID-19 because he suffers from a form of acid reflux called gastroesophageal reflux disease ("GERD"). Davis's counsel cited to several studies that have shown "concerning links" between reflux diseases

such as GERD and COVID-19. However, Davis acknowledges that he does not suffer from any of the conditions Centers for Disease Control and Prevention DC recognizes as putting a person at high risk of COVID-19. The Probation Office's Compassionate Release Investigation Report noted that Davis "is not suffering from any long-term health diagnoses and has only been seen for occasional acute injury, illness, and symptoms during his incarceration."

Moreover, the report shows Davis's GERD is being treated with over-the-counter medication. Neither the report nor any evidence presented suggests that the treatment for Davis's GERD is inadequate. *See United States v. Cannon*, No. 3:17-CR-208, 2020 WL 4229159, at *4 (D.N.D. July 23, 2020) (denying COVID-19-based compassionate release because prisoner did not show his medical conditions could not be adequately treated by the facility). Although Davis and his counsel effectively raise some general connections between GERD and COVID-19, Davis has not presented any medical support that he personally is at a greater risk.

Davis also argues that even if past treatment has been effective, his facility—FCI Pekin—has experienced a surge in COVID-19 cases. The Court recognizes that there are a significant number of cases at FCI Pekin. However, Davis's allegations still do not rise to the level of extraordinary and compelling circumstances. *See United States v. Melgarejo*, No. 12-CR-20050, 2020 WL 2395982, at *3 (C.D. Ill. May 12, 2020), *aff'd*, No. 20-1802, 2020 WL 7230642 (7th Cir. Dec. 8, 2020) ("[T]he mere presence of COVID-19 in a particular prison . . . cannot justify compassionate release—if it could, every inmate in that prison could obtain release."). Davis has not shown that his specific health condition places him at a greater risk of complications nor has he shown that his condition is not being sufficiently treated. The Court is not persuaded at this point the risks presented by COVID-19 warrant reducing Davis's sentence.

Because the Court finds that the balance of the relevant § 3553(a) factors and surrounding circumstances weigh against release, Davis's motion (Filing No. 42) is denied. His Motion for Status (Filing No. 50) is denied as moot.

IT IS SO ORDERED.

Dated this 14th day of December 2020.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge
